Hershel Hiram McKNIGHT,
Plaintiff-Appellant,

v.

C. H. BLANCHARD, Sheriff of Lubbock
County, Texas, et al.,
Defendants-Appellees.

No. 81–1166
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1982.

Hershel Hiram McKnight, pro se.

John T. Montford, Criminal Dist. Atty., Yvonne Faulks, Asst. Dist. Atty., Lubbock, Tex., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

We vacate an order indefinitely staying trial of this action, and we remand for further proceedings.

The plaintiff McKnight, then a prisoner in the Lubbock County Jail, filed suit against the sheriff, district attorney and jail, praying for damages, injunctive relief, and a transfer to an adequate medical facil-ity. The pro se pleadings, construed favorably, attempt to assert claims under 42 U.S.C. § 1983 for deprivation of constitutional rights as well as under the Eighth Amendment. After suit was filed, McKnight was transferred to the Texas Department of Corrections. A series of motions were filed by the opposing parties. The district court granted a motion by the defendants to compel McKnight to answer interrogatories and a request for admission; however, five days later the trial court entered an order that denied pending motions by McKnight, and, without explanation, stated: "Further, the plaintiff is advised that this case will not be set for trial until he has been released from incarceration, and at that time he will advise the court of the name of his attorney." McKnight filed a notice of appeal within thirty days, cf., Fed.R.App.P. 4(a)(1), of the date of entry of the order that denied his motions and advised him of the continuance of this case until he was released from prison.

*Appealability*

The primary issue presented is whether we have appellate jurisdiction to review the order from which McKnight appealed. The defendant state officials correctly point out that, on its face, the order is neither an appealable final decision disposing of the action, 28 U.S.C. § 1291, nor an interlocutory decision either specified as appealable by section 1292(a) or else properly certified by the district court for appealability (as involving a controlling question of law, etc.) under section 1292(b).

The order appealed from indefinitely continued the proceedings until McKnight's release from prison. McKnight points out in his brief (without factual dispute by the defendants) that he is presently serving a seven-year sentence in state prison, with a federal detainer to complete a federal sentence that might involve an additional seven years in prison. He argues that the order continuing the trial of his case for a total of fourteen years will make it impossible to produce the present witnesses in his behalf and will effectively deprive him of his day in court.

Under these circumstances, the order is appealable by reason of the "death knell" doctrine, whereby an order is held to be appealable when the effect of the denial of an immediate appeal of collateral orders would effectively deny the litigants their day in court. *Gillespie v. United States Steel Corporation*, 379 U.S. 148, 152–55, 85 S.Ct. 308, 311–12, 13 L.Ed.2d 199 (1964); 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3912 (1976). As the treatise notes, the "most general cases [under the death knell doctrine] involve orders that formally purport to leave matters open, but that operate in combination with surrounding facts to make it impossible to pursue the matter further." *Id.*, § 3912 at p. 501.[1]

The Eighth Circuit held that an order virtually identical to the present (staying indefinitely all proceedings in a civil action until the plaintiff was released from prison) was appealable for death knell reasons—to "deny even the bare opportunity to process his claim for an indefinite number of years could well render the legal process meaningless for the plaintiff." *Peterson v. Nadler*, 452 F.2d 754, 756 (8th Cir. 1971). Similarly, this court held to be appealable an order indefinitely staying Section 1983 employment discrimination litigation until completion of Title VII administrative proceedings in the related but independent Title VII claim being processed at the time by the Equal Employment Opportunity Commission. *Hines v. D'Artois*, 531 F.2d 726, 729–32 (5th Cir. 1976). We there stated, "when a plaintiff's action is effectively dead, the order which killed it must be

viewed as final. Effective death should be understood to comprehend any extended state of suspended animation." *Id.* at 531 F.2d at 730.

The present order indefinitely continuing the action is, therefore, appealable and reviewable by this court.

## The Merits of the Order Indefinitely Continuing the Action

■■ The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice. Nevertheless, stay orders will be reversed when they are found to be immoderate or of an indefinite duration. *See Hines, supra*, 531 F.2d at 733, *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C.Cir.1971); *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C.Cir.1970). In *Landis v. North American Co.*, 299 U.S. 248, 257, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936), the Supreme Court held that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." In the present case, the stay of McKnight's case is indefinite, but it may last for seven years or longer. The trial court gave no reason for such a protracted stay, nor did it "weigh competing interests and maintain an even balance" in ordering the stay. *Landis, supra*, 299 U.S. at 255, 57 S.Ct. at 166.

■■ Accordingly, we vacate the stay or continuance of proceedings ordered as an abuse of discretion.[2]

---

1. In *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Supreme Court held that the death knell doctrine does not support appellate jurisdiction of prejudgment orders denying class certification in class actions, and the general tenor of the decision was to indicate that 1292(b) certification was the preferred method of reviewing interlocutory orders. However, neither the language nor holding of the opinion, or the views of the commentators as to its meaning, would support an argument that *Coopers & Lybrand* overruled the death knell decisions supporting appealability of an order such as the present, that effectively terminated the litigation. *See, e.g.*, Wright, Miller & Cooper, *supra*, at p. 181 (1981 Supp.).

2. Assuming that the stay was issued as a method for handling pro se prisoner litigation, that reason would not justify it. *Cf. Mitchum v. Purvis*, 650 F.2d 647, 648 (5th Cir. 1981) (prisoner suits cannot be dismissed summarily for purposes of docket control). Further, the court could not require McKnight to obtain counsel before proceeding further with the case. *See* 28 U.S.C. § 1654.

   The ruling continuing the case until the plaintiff was released from prison seems to have been precipitated by his "motion for bench warrant," which was denied at the same time that the case was indefinitely continued. The plaintiff requested the court to issue a bench warrant for his appearance at whatever time

*The Other Issues: Reviewable?*

In addition to appealing the indefinite stay, the plaintiff McKnight also appeals from the rulings on certain other motions specified in the same order. The defendant-appellee state officials request that, if we do entertain jurisdiction of this appeal, we determine all other issues raised thereby, in order to shorten and expedite the litigation.

Without discussion, the Eighth Circuit in *Peterson, supra,* under similar factual circumstances, assumed that, once it had jurisdiction to review the indefinite stay order as "final" in effect, it also had appellate jurisdiction (as in the case of other appealable final judgments) to review interlocutory orders preceding the final judgment. *See Peterson, supra,* 452 F.2d at 757–58. Although we have held that an appellate court that has jurisdiction over an interlocutory order concerning injunctive relief may reach and decide other aspects of the order even though the orders would not be reviewable independently by interlocutory appeal, *Myers v. Gilman Paper Corporation,*

544 F.2d 837, 847 (5th Cir.), *cert. dismissed,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091 (5th Cir. 1973), the question whether appellate review is limited to the appealable order alone once that order is found to be "final" under the death knell doctrine, does not appear to have been determined.[3]

Professor Moore acknowledges that the courts of appeal are not without power to review otherwise unappealable orders once jurisdiction is obtained either through the existence of a statutorily appealable interlocutory order or an order held to be reviewable through a "practical" construction of the finality requirement. *See* 9 J. Moore, Federal Practice ¶ 110.25[1], ¶ 110.12 (2d ed. 1980). Nevertheless, Moore states:

> Even where an interlocutory order such as an injunction has been properly appealed and other incidental orders or questions non-appealable in themselves are sought to be reviewed, *it must be remembered that the appellate court will usually review only that part of the order*

---

the court set the case for hearing; the court denied the motion "without prejudice to filing another motion when the case is set for trial and after the plaintiff was been released from incarceration." On this appeal, the plaintiff did not specify the denial of this motion as error, although the defendants-appellees apparently assume that he did. They point out that, while the plaintiff is not entitled to issuance of a *bench warrant,* he might be entitled to the issuance of a writ of habeas corpus ad testificandum, within the sound discretion of the court, at the time the case is set for trial (assuming it is not disposed of prior thereto, or that the plaintiff's deposition testimony is not sufficient):

... [W]hen the file and record require the district court to make credibility choices, the petitioner is entitled to a day in court with live testimony. *Taylor v. Gibson,* 529 F.2d at 709. This does not mean, of course, that the petitioner's presence will be required, however. When determining whether it should issue a writ of *habeas corpus ad testificandum* in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be

stayed until the prisoner is released without prejudice to the cause asserted.
*Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir. 1977).

**3.** In *In re Nissan Motor Corporation Antitrust Litigation,* 552 F.2d 1088 (5th Cir. 1977), we held that, when we could review an order relating to class notice under the "collateral orders" doctrine of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 69 S.Ct. 1221 (1949), we also had jurisdiction to consider the propriety of an additional order that required the plaintiffs to mail a separate notice of a proposed settlement to all members of the class. We held that the separate notice order was reviewable because of the extremely close relationship that it had with the interlocutory notice order that we found was reviewable under *Cohen.*

*Nissan,* however, should not be considered dispositive of the issue raised above. There is some question as to whether *Nissan* survives the Supreme Court's decision in *Coopers, supra* n.1. with respect to our jurisdiction to review the class notice issue; although, even if Cooper would deprive us of that jurisdiction, *Coopers* appears to leave open whether we could review the second order *if* the first order had been *properly* reviewable as a collateral order.

*which relates to the injunctive relief afforded or denied and only those questions basic to and underlying the specific order which supports the appeal.*

*Id.* at ¶ 110.25[1] (emphasis supplied) (footnote omitted). *But cf., Abney v. United States,* 431 U.S. 651, 662–63, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977); *MacKethan v. Peat, Marwick, Mitchell & Company,* 557 F.2d 395, 396 (4th Cir. 1977). We have held that, at least as far as other interlocutory orders are raised in connection with injunction orders properly before us under 28 U.S.C. § 1292(a), our usual reluctance to consider further interlocutory appeals is based on "orderly judicial administration" and not jurisdiction. *Mercury Motors, supra,* 475 F.2d at 1091.

■ In the absence of contest of the issue, and without intending to hold that in all cases of death knell appealability the jurisdiction to review the death knell order includes other interlocutory orders contained in the judgment, we will, as did *Peterson,* assume that, under present circumstances, the appeal has brought before us connected issues that, if not resolved, will immediately result in further appeals and further indefinite prolongation of the litigation. *Cf. Florida v. United States,* 285 F.2d 596 (8th Cir. 1960) (non-appealable interlocutory orders entered *subsequent* to an appealable order are not open for consideration upon appeal).

*The Other Issues*

Accordingly, we proceed to review the other issues raised by this appeal:

1. *Denial of Motion for a Speedy Trial*

The district court denied McKnight's motion for a "speedy trial" because no such right exists in a *civil* case. If his pro se motion can be liberally construed as a request for a fixing, preferential or otherwise, he may re-urge it upon the remand.

2. *Order to Answer Written Interrogatories*

On November 20, 1980, the defendants served on McKnight by mail some 24 written interrogatories pursuant to Fed.R.Civ.P. 33(a). On December 4, the plaintiff timely filed an objection as to answering some of them. On March 10, 1981, the defendants filed a motion compelling answers to the interrogatories, which the district court granted on March 11 (five days prior to its order indefinitely continuing the action).

■ Under Rule 33(a), the interrogatee must answer in writing the interrogatories fully under oath, stating reasons for an objection in lieu of an answer where he has objection. The answers are to be signed by the person making them. Insofar as McKnight's objections complained of the unavailability of documents or other data to answer some of the interrogatories, he could have noted this circumstance in his answers or objections. The district court order to McKnight to answer interrogatories is not shown to be erroneous or an abuse of discretion.

In his brief, McKnight states that he has no objection to answering the interrogatories and that he has by this time obtained the information needed to do so, together with photocopies of medical, doctor, and hospital records that he is willing to furnish the defendants. It is apparent from his brief that his chief contention results from a misunderstanding on his part, largely caused by inadvertence in the documentary request by the defendants for a response to the interrogatories and to a "request for admission," allegedly pursuant to Rule 36.

Following the interrogatories, the defendants attached (as an uncaptioned separate sheet), a form for McKnight to sign that would authorize the release to the defendants of all of his medical records. McKnight now objects solely to being required to sign this form.

■ The enclosed authorization was not "a written request for admission ... of the truth of any matters," such as under *Rule 36* results in an admission unless denied within thirty days after service of the request. Neither was it a written interrogatory within the meaning of *Rule 33(a),* which contemplates only that an answer be

given, *see* 8 Wright & Miller, Federal Practice and Procedure, § 2168 (1970); for instance, an "interrogatory" may not *require* the interrogatee to furnish copies of documents under *Rule 33(a). Id.* § 1266. Thus—although the documents or authority to copy them could have been obtained by a request under Rule 34, and while quite possibly (since McKnight's physical condition was put at issue by his demands) the court upon proper motion could have ordered him to sign such an authorization, in default thereof staying further proceedings—, McKnight was not obliged by reason of the requests served upon him, which were based (solely) upon Rule 33 and Rule 36, to sign the authorization incorrectly appended to the interrogatories as a "request for admission."

We do not interpret the district court order to McKnight to answer the interrogatories as requiring him to sign this authorization. (However, we perceive the reason for his misunderstanding: the district court's order, in response to the motion to compel answers to the written interrogatories (only) required him to answer "the Defendant's Interrogatories and [incorrectly styled] Request for Admission.")

As thus clarified, we find no error or abuse of discretion in the district court's order that McKnight answer the written interrogatories served upon him.

### 3. Motion to Re-style

■ In the district court, an order was granted substituting the present sheriff, but retaining as party the predecessor sheriff originally used. McKnight does not complain of this action, but he complains of a clerical change in the captioning of the suit, apparently fearing that the "et al." does not include the "Lubbock County Jail"

that he had also sued. Assuming that this issue (doubtfully raised in the district court) is before us, we perceive no merit to the contention. The administrative captioning of the suit obviously has no effect on what cause of action and what parties are (or are not) joined in the substantive allegations of the pleadings.

### 4. Denial of Appointment of Counsel

■ Immediately after McKnight was permitted to file suit in forma pauperis, he applied on June 19, 1980 to have counsel appointed for him, pursuant to the discretionary power of the trial court in pauper cases. 28 U.S.C. § 1915(d). On July 2, 1980, the district court denied this motion. We are unable to say that, on the showing then made prior to the denial of appointed counsel, that the district court abused its discretion in that regard.

At any rate, on December 4, 1980, McKnight renewed his motion for the appointment of counsel. This motion was still pending when the district court entered its order denying all other of McKnight's pending motions. On the remand, McKnight is, of course, entitled to re-urge his contentions that the district court should exercise its discretion in the matter.

### 5. Denial of Motions "for Restraint"

McKnight filed pleadings entitled a "Petition for Restraint" on June 19, 1980 and a "Motion for Restraint" on December 4, 1980. The first sought to restrain the local officials from harassing him. The second sought to restrain such harassment and inadequate medical attention in the event he was returned from state prison (to which he had been transferred on July 1, 1980). No error or abuse is shown in the denial of these motions.[4]

---

**4.** On appeal, McKnight does not complain of the denial of these mooted or speculative motions. His appellate brief requests that, on the alleged basis of these pleadings that did not request such relief, this court order the district court to transfer him from the allegedly inadequate medical facilities of the Texas state prison system to a "facility where he can receive badly needed medical attention caused by [the

present] Defendants." If McKnight intended by this contention of error to refer to the district court's failure to pass upon his demand for transfer from *Lubbock County Jail* for more adequate medical treatment—a demand asserted prior to his transfer to state prison on July 1, 1980—it is obvious that the demand was mooted (as against these present defendants) by this transfer.

483

*Conclusion*

Accordingly, for the reasons stated, we VACATE the order of the district court staying trial of this action until the plaintiff is released from imprisonment, but we otherwise AFFIRM its rulings. The case is REMANDED for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.