IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41113
_____

DARIN TYRONE MONK,

                                        Plaintiff-Appellant,

versus

UNKNOWN CLARK, Sergeant, Sergeant Clark at Bowie County
Correctional Center, UNKNOWN JOHNSON, Officer Johnson at Bowie
County Correctional Center; UNIDENTIFIED UNKNOWN, Unknown Officer
at Bowie County Correctional Center, MARY CHOATE, Sheriff;
DEWAYNE CANNON, Warden at Bowie County Correctional Center,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas, Texarkana
5:97-CV-320
- - - - - - - - - -
May 14, 2001

Before JONES, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Darin Tyrone Monk filed a 42 U.S.C. section 1983 action in

the Eastern District of Texas, alleging that while he was

incarcerated at the Bowie County Correctional Center in

Texarkana, Texas, he was "sprayed and dragged" by several

officers and that these actions caused him to suffer temporary

blindness and breathing problems.  Monk was subsequently

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

transferred to a prison in Wisconsin and then to a prison in Oklahoma, where he is presently incarcerated.

Two named defendants, Sheriff Mary Choate and Warden Dewayne Cannon, filed answers denying any wrongdoing. Other defendants, the alleged offending officers, were not served because Monk had insufficient information as to their full names and addresses. After Monk was denied a default judgment, the district court issued an order setting a time period for Choate and Cannon to file dispositive motions. The magistrate judge indicated that the fact that the defendants had not filed dispositive motions, although given time to do so, indicated that the case was not suited for summary disposition.

The magistrate judge's report recommended administratively closing the case until Monk returned to Texas, because it was impractical to continue litigation while Monk, who was proceeding *in forma pauperis*, was imprisoned in a different state.

The magistrate judge found that Monk's testimony would be necessary at trial and the costs of transporting him back to Texas for trial would be prohibitive. The magistrate judge emphasized that the case was being closed without prejudice.

Monk objected to the magistrate judge's report and recommendation noting that his release date was not until September 6, 2004. The district court overruled Monk's objections and adopted the report and recommendation of the magistrate judge, and also tolled the statute of limitations until Monk is released from prison and returns to Texas.

On appeal, Monk challenges the district court's administrative closure as an abuse of discretion.

**DISCUSSION**

Although not raised by any party, this Court must initially consider the issue of jurisdiction: whether the district court's administrative closure of Monk's section 1983 suit is subject to review. In an analogous context, district court's orders indefinitely staying prisoners' section 1983 lawsuits have been held to be appealable. In *McKnight v. Blanchard*, this Court explained that orders rendering a plaintiff's action as effectively dead must be viewed as final and appealable, and that "[e]ffective death should be understood to comprehend any extended state of suspended animation." 667 F.2d 477, 479 (5th Cir. 1982)(quoting *Hines v. D'Artois*, 531 F.2d 726, 730 (5th Cir. 1976)). In the instant case, this multi-year administrative closure places Monk's case in an extended state of suspended animation, and we thus conclude that this Court has jurisdiction. *See Muhammad v. Warden, Baltimore City Jail*, 849 F. 3d 107, 110 (4th Cir. 1988) (finding jurisdiction in administrative closure of section 1983 action (citing and quoting *McKnight* and *Hines*)).

In *Muhammad v. Warden*, the Fourth Circuit explained "[t]hat an incarcerated litigant's right is necessarily qualified, however, does not mean that it can be arbitrarily denied by dismissal or indefinite stays; the law requires a reasoned consideration of the alternatives earlier summarized." 849 F.2d at 112. More specifically, the Fourth Circuit set forth other

3

options that should be considered prior to the last resort of administratively closing a case due to the fact that a plaintiff is incarcerated in another state, such as: (1) making provisions for the prisoner to travel to attend the trial in person; (2) trying the case without the prisoner's presence in the courtroom, either on depositions or affidavits or with the aid of video; and (3) trying the case without a jury in the state where the prisoner is incarcerated. 849 F.2d at 111. The court listed three factors for district courts to consider in deciding whether to administratively close a case: 1) whether the plaintiff's presence will "substantially further the resolution of the case," as well as the above-listed alternative means of resolving the case; 2) both the expense and the potential security risk of transporting the prisoner and keeping him in custody for the duration of trial; and 3) the potential prejudice resulting to the opportunity to present plaintiff's claim from a stay or administrative closure. *Id*. at 113. Previously, this Court has remanded a district court's administrative closure for reconsideration in light of *Muhammad v. Warden*. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 461 n.3 (5th Cir. 1998).

Thus, in the instant case, the magistrate judge properly cited *Muhammad v. Warden* in making its determination. The magistrate judge, however, simply announced that Monk's presence for his testimony was crucial and that transportation costs were prohibitive. Before the "last resort" of administrative closure,

4

we believe the options in *Muhammad v. Warden* should be explored, such as a non-jury trial in Oklahoma, where his testimony could be presented directly to the fact-finder, or the use of video for a trial in Texas.  Accordingly, we vacate and remand this case for consideration of these options.[1]

As to the other matters raised by Monk, he has failed to show that the district court erred in declining to order his requested discovery, and his claims on the merits of the case are not ripe for review.

For the above reasons, we VACATE and REMAND the district court's judgment for further proceedings consistent with this opinion.

---

[1]  Although Monk in his brief listed the various *Muhammad v. Warden* options in citing that case, it is somewhat troubling that in his reply brief he concentrates solely on his transportation back to Texas for trial. Of course, there is no absolute right for a prisoner to be transported and present at such a trial. *See Price v. Johnson*, 334 U.S. 266, 285-86 (1948), *overruled on other grounds*, *McCleskey v. Zant*, 499 U.S. 467 (1991).  An "all or nothing" approach by Monk will most likely garner him the latter.