IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 00-41439
Summary Calendar

———————

PIERRE L. DAVIS,

Plaintiff-Appellant,

versus

DEWAYNE CANNON, Warden at Bowie County
Correctional Center; MARK STELLE,
Correctional Officer at Bowie County
Correctional Center; T. REED, Colonel,
Correctional Officer at Bowie County
Correctional Center; MICHAEL S. CAMPBELL,
Correctional Officer at Bowie County
Correctional Center,

Defendants-Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-104
-----------------------------------------------------------
June 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

    Pierre L. Davis, Wisconsin prisoner number # 271136, appeals the district court's order administratively closing his pro se and in forma pauperis (IFP) conditions-of-confinement case until he is able to travel to and attend court in Texas. The district court's order administratively closing the case is the equivalent of a final judgment and, thus, it is an appealable order. See McKnight v. Blanchard, 667 F.2d 477, 478-79 (5th Cir. 1982); Hines v. D'Artois, 531 F.2d 726, 730 (5th Cir. 1976). The district court abused its discretion in administratively closing the case indefinitely because

———————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants have not been served and no answer or dispositive motions have been filed; the district court has not considered whether the complaint should be dismissed pursuant to the screening procedures in 28 U.S.C. § 1915A or 42 U.S.C. § 1997e, whether Davis could be sent a <u>Watson</u>[**] questionnaire, or whether a <u>Spears</u>[***] hearing could be conducted by teleconference; the case is not ripe for trial and any determination regarding Davis's ability to be present for a jury trial or any alternatives to his presence are premature; and the potential now 12-year delay in proceeding with any aspect of this case is unreasonable. See <u>McKnight</u>, 667 F.2d at 479; <u>Muhammad v. Warden, Baltimore City Jail</u>, 849 F.2d 107, 112-13 (4th Cir. 1988). We vacate the district court's order administratively closing the case and remand the case for further proceedings.

VACATED AND REMANDED.

---

[**] <u>Watson v. Ault</u>, 525 F.2d 886, 892 (5th Cir. 1975).

[***] <u>Spears v. McCotter</u>, 766 F.2d 179, 181-82 (5th Cir. 1985).