**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-40181
Summary Calendar
_____

DAVID W. ORR,

Plaintiff-Appellant,

versus

DICK VERHAGEN; DWAYNE CANNON; MARY CHOATE;
TOMMY THOMPSON; DAVID HOOD; MICHAEL SULLIVAN,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CV-400
---------------------------------------------------------
July 31, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

David W. Orr, Wisconsin prisoner # 198391, appeals the district court's dismissal of his claims against Wisconsin officials, Tommy Thompson, Michael Sullivan, and Dick Verhagen. Because Orr has not alleged that the Wisconsin defendants had any direct, personal involvement in the alleged constitutional violations or that they established a deficient policy which itself violated his constitutional rights, he has not shown that the district court erred in dismissing his claims against these defendants. See Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1999).

Orr also appeals the district court's order administratively closing the case until he is able to come to Texas. The district court's order administratively closing the case is the equivalent of a final

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and, thus, it is an appealable order.  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 460-61 & n.3 (5th Cir. 1998)(citing Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 112-13 (4th Cir. 1988)); Johnson v. State of Texas, 878 F.2d 904, 905 (5th Cir. 1989); McKnight v. Blanchard, 667 F.2d 477, 478-79 (5th Cir. 1982).  The district court abused its discretion in administratively closing the case indefinitely because it did not provide specific reasons explaining why such an indefinite stay was necessary, it did not consider alternatives, it did not give the parties an opportunity to file motions for summary judgment, and it did not make a determination that the case was ripe for trial and that Orr's presence at trial would be necessary.  See Patton, 136 F.3d at 461 & n.3; McKnight, 667 F.2d at 479; Muhammed, 849 F.2d at 111-13.  We vacate the district court's order administratively closing the case and remand the case for reconsideration.

VACATED AND REMANDED.