IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40534
Summary Calendar
_____

MAURICE GREER,

Plaintiff-Appellant,

versus

UNKNOWN BRAMHALL, Lieutenant,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-312
--------------------
March 18, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Maurice Greer, Wisconsin state prisoner 280377, appeals the district court's order administratively closing this case until he is able to come to court in Texas. The district court's order administratively closing the case is the equivalent of a final judgment and, thus, it is an appealable order. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 460-61 & n.3 (5th Cir. 1998)(citing Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 112-13 (4th Cir. 1988)); Johnson v. State of Texas, 878

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 904, 905 (5th Cir. 1989); <u>McKnight v. Blanchard</u>, 667 F.2d 477, 478-79 (5th Cir. 1982).

The district court abused its discretion in administratively closing the case indefinitely at this stage of the proceeding without allowing some development of the case and without considering alternative means of disposition of the case, such as motions or settlement. Nor did the district court make a determination that the case was ripe for trial and that Greer's presence at trial would be necessary. <u>See</u> <u>Patton</u>, 136 F.3d at 461 & n.3; <u>McKnight</u>, 667 F.2d at 479; <u>Muhammad</u>, 849 F.2d at 111-13. We therefore vacate the district court's order administratively closing the case and remand the case for further consideration.

The district court did not abuse its discretion in denying Greer's motion for appointment of counsel because Greer's pleadings adequately presented the facts and legal issues in the case. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

VACATED AND REMANDED.