AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,
Plaintiff-Appellant,

v.

EDWARD D. STONE, JR. & ASSOC.,
Defendant-Appellee.

No. 83–5488.

United States Court of Appeals,
Eleventh Circuit.

Oct. 11, 1984.

Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Carlos M. Sires, James F. Crowder, Jr., Miami, Fla., for plaintiff-appellant.

Joseph W. Downs, III, Donna S. Catoe, Atty., Miami, Fla., for defendant-appellee.

Before HILL and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

R. LANIER ANDERSON, III, Circuit Judge:

In this diversity action, American Manufacturers Mutual Insurance Company ("AMMIC") appeals from the district court's imposition of a stay of proceedings pending resolution of a related state action. The appellee, Edward D. Stone, Jr. & Assoc., P.A. ("Stone"), argues that AMMIC's notice of appeal was prematurely filed and that the district court's stay order was not final and thus was not appealable under 28 U.S.C. § 1291. We reject Stone's arguments and, after considering the merits of AMMIC's claim, conclude that the stay was improvidently granted under the principles of the recent Supreme Court decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and related cases.

## I. FACTS

In June of 1977, the South Broward Park District ("Park District") contracted with Stone, a landscape architectural firm, for the design and development of a 126-acre park. On Stone's recommendation, Gold Coast Construction, Inc. ("Gold Coast"), which had filed the low bid based on plans developed by Stone, was awarded a construction contract for the subsurface and site development. AMMIC furnished payment and performance bonds for Gold Coast's portion of the project.

Gold Coast encountered difficulties in preparing the site, allegedly due to deficiencies in the Stone plans and unexpected subsurface conditions, and fell behind in its performance of the contract. In January of 1980, the Park District removed Gold Coast from the project and demanded performance by AMMIC under its bond obligation. AMMIC completed the project, and in so doing allegedly incurred costs $900,000 in excess of the contract price.

In January of 1983, State Paving, a surface contractor on the park project, and nine subcontractors, filed a state court action in Florida alleging negligence and delay in the site preparation for the project.

The state action names five defendants, including the Park District, Gold Coast, Stone, and AMMIC. The Park District has filed cross-claims against its codefendants in the state action.

In April of 1983, AMMIC filed the instant diversity action in the District Court for the Southern District of Florida, alleging negligence against Stone for its preparation of the site work plans and negligence in Stone's recommendation that the Park District accept the Gold Coast bid. AMMIC originally joined the Park District in the federal action as well, alleging a failure to make timely payments to Gold Coast under the contract and a breach of the Park District's duty to timely advise AMMIC that Gold Coast was unable to complete the contract.

On July 9, 1983, the district court granted the Park District's motion to stay the federal proceeding pending resolution of the previously filed state action. In the district court's view, the state action involved "substantially similar parties and issues." AMMIC voluntarily dismissed the Park District as a party in the federal action on July 23, 1983, and simultaneously filed a motion asking the district court to lift the stay. On August 10, 1983, AMMIC filed a notice of appeal from the July 9 stay order. The district court denied AMMIC's motion to lift the stay on August 25, 1983.

## II. ISSUES

The parties have presented three issues for our consideration on appeal. Stone argues: (1) that the August 10, 1983, notice of appeal was prematurely filed; and (2) that the district court's imposition of the stay was not a final order and thus was not appealable under 28 U.S.C. § 1291. Finally, (3) AMMIC challenges the district court's stay order as an abuse of discretion, arguing that the stay was not justified by "exceptional circumstances."

## III. DISCUSSION

A. *The Timeliness of the Notice of Appeal*

Stone argues that AMMIC's August 10, 1983, notice of appeal from the district court's July 9, 1983, stay order was prematurely filed and therefore ineffective. Under Fed.R.App.P. 4(a)(1), a "notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Stone acknowledges that the August 10, 1983, notice of appeal came within the 30-day limit and thus complied with Rule 4(a)(1), but argues that because the district court was still considering AMMIC's motion to lift the stay when the notice of appeal was filed, we should deem the notice premature under the principles of Fed.R.App.P. 4(a)(4) and the Supreme Court decision in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

Fed.R.App.P. 4(a)(4) provides:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for the parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.

By its literal terms, for Rule 4(a)(4) to apply in the instant case, we must find that AMMIC's July 23, 1983, motion to lift the stay was a timely motion under one of the Federal Rules of Civil Procedure specifically mentioned in Rule 4(a)(4). To be timely, a motion under any of the above-stated rules must be filed within 10 days of the judgment or order at issue. *See* Fed.R. Civ.P. 50(b), 52(b), and 59. The July 23 motion was filed more than 10 days after the July 9 stay order, and thus cannot be considered a timely motion under the rules set forth in Rule 4(a)(4). *See Browder v.*

*Director, Illinois Department of Corrections,* 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978) ("Rule 4(a) follows the 'traditional and virtually unquestioned practice' in requiring that a motion be timely if it is to toll the time for appeal").[1] Rule 4(a)(4), by its express language, does not invalidate AMMIC's August 10 notice of appeal.

The Supreme Court decision in *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), reaffirms the policy of Fed.R.App.P. 4(a)(4). The Court in *Griggs* overruled a decision by the Third Circuit, which had determined that Rule 4(a)(4) need not invalidate a premature notice of appeal unless the appellee could establish prejudice from the untimely notice. In stressing a literal application of Rule 4(a)(4), the Court held that the appellant's *timely* Fed.R.Civ.P. 59 motion made ineffective the notice of appeal filed prior to a decision on that motion. Therefore, under the literal application of Fed.R.App.P. 4(a)(4) mandated by *Griggs,* AMMIC's notice of appeal in the instant case was not premature.

■ Stone argues that notwithstanding the precise language of Fed.R.App.P. 4(a)(4), the rationale behind the rule as stated in the *Griggs* decision requires us to hold that AMMIC's notice of appeal was premature. According to *Griggs,* the policy behind Rule 4(a)(4) is to avoid simultaneous jurisdiction over a matter in both the appellate and trial courts, *i.e.,* when both courts have the power to modify or amend a judgment at issue. *See also Gibbs v. Maxwell House, Division of General Foods Corp.,* 701 F.2d 145, 147 (11th Cir. 1983) (discussing policy underlying Fed.R. App.P. 4(a)(4)). We acknowledge this underlying policy concern, but we also recognize that a district court will often have occasion to consider post-trial matters that might change the final judgment in a case while it is pending appeal. *See Browder v.*

*Director, Illinois Department of Corrections,* 434 U.S. at 263, & n. 7, 98 S.Ct. at 560, & n. 7 (motion under Fed.R.Civ.P. 60(b) for relief from judgment does not toll the time for appeal from the original judgment). *See generally,* 7 J. Moore, *Federal Practice* ¶ 60.29, 413–14 (1975). Rule 4(a)(4) does not address these situations, but is instead limited in its operation "to the filing of certain *specified* post-trial motions." Note of Advisory Committee on Appellate Rules, 28 U.S.C.A. following Rule 4 (emphasis supplied). Just as Fed.R. App.P. 4(a)(4) does not apply to motions under Fed.R.Civ.P. 60(b), even though the district court can, under 60(b), alter its final judgment, *untimely* post-judgment motions do not toll the time for appeal under Rule 4(a)(4).

We conclude that AMMIC's notice of appeal was timely filed.

## B. *Appealability of the Stay Order*

Stone further argues that the district court's stay order was not appealable under 28 U.S.C. § 1291. That section provides:

> The court of appeals ... shall have jurisdiction over all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court.

Stone argues that the district court's decision to stay the federal proceedings was not a final decision within the meaning of the statute because the lower court retained jurisdiction for later disposition of the merits of AMMIC's claim. *See generally, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983) ("a stay is not ordinarily a final decision for purposes of § 1291").

■ We concur in Stone's assertion that a stay order generally does not constitute a final decision for purposes of appeal under § 1291, and our case law is consistent with

---

1. Because AMMIC's July 23 motion to lift the stay was not timely under any of the Civil Rules specifically mentioned in Fed.R.App.P. 4(a)(4), we do not address AMMIC's argument that the

substance of its July 23 motion distinguishes that motion from those that toll the time for appeal.

that assertion. *See, e.g., Hines v. D'Artois,* 531 F.2d 726, 729 (5th Cir.1976).[2] However, the Supreme Court recently recognized and applied an exception to that general proposition in a case somewhat analogous to the instant case. In *Moses H. Cone Memorial Hospital, supra,* the Court reviewed a district court order to stay federal proceedings pending resolution of a previously filed state action involving the same parties and issues. Relying on the holding in *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), the Court in *Moses H. Cone* held that a stay order which places the appellant "effectively out of court" is a final order for purposes of § 1291. 460 U.S. at 10, 103 S.Ct. at 934.[3] The district court's stay order in *Moses H. Cone* permitted the state court to decide initially the issues presented in the federal action, and because the state decision would be res judicata in the reconvened federal action, the appellant was effectively out of federal court. *Id.* The Court in *Moses H. Cone* thus concluded that the stay was a final order, appealable under § 1291.

The instant case, though analogous to *Moses H. Cone* in some respects, is also distinguishable. Unlike *Moses H. Cone,* the state action here does not necessarily involve the issues presented in AMMIC's federal claim. AMMIC's federal action alleges negligent design of the site prepara-

tion plans by the defendant Stone. By contrast, the plaintiff contractors in the state action charged Stone with negligence in its selection of the site contractor, its supervision of the site preparation, and its design of the surface structures. Although AMMIC's claim against Stone might be permitted as a cross-claim in the state action, such a cross-claim has not been filed and is not compelled under Florida procedure. *See* Fla.R.Civ.P. 1.170(g); Author's Comment to Rule 1.170 ("the pleading of a cross-claim is never compulsory, and is limited to a claim arising out of the transaction or occurrence that is the subject matter either of the original claim or of a counterclaim therein"). Thus, both parties acknowledge that the state lawsuit will not decide the issues presented in AMMIC's federal claim.

█ We therefore must decide whether the prerequisite to finality described in *Moses H. Cone*—that the stay order places the appellant "effectively out of court"—is satisfied in the instant case where the state decision will not have res judicata effect on the merits of AMMIC's federal claim. We find that under established precedent, AMMIC is "effectively out of court" under the stay order and that order is therefore final and appealable under § 1291.

In *Hines v. D'Artois,* 531 F.2d 726 (5th Cir.1976), the court held that a district court's stay order pending the filing and adjudication of an EEOC complaint in a

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**3.** The majority in *Moses H. Cone Memorial Hospital* relied on *Idlewild* over the dissent's suggestion that *Idlewild* was overruled by the Court's holding in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469–77, 98 S.Ct. 2454, 2458–2462, 57 L.Ed.2d 351 (1978). The Court in *Coopers* held that a lower court refusal to certify a class action was not a final order, even though the refusal to certify made it impractical for the plaintiff to pursue the case and thus sounded the "death knell" of the federal action. The dissent in *Moses H. Cone* saw no distinction between the "death knell" doctrine and the hold-

ing in *Idlewild* that an order putting the appellant "effectively out of court" was final. 460 U.S. at 31–33, 103 S.Ct. at 945–46 (Rehnquist, J., dissenting, joined by Burger, C.J., and O'Connor, J.). The majority in *Moses H. Cone* distinguished *Coopers,* noting that, although refusal to certify a class action may, for economic reasons, form a practical impediment to continuation of an action, it was distinguishable from a case in which the district court stayed proceedings and thereby refused to allow the plaintiff to litigate his claim in federal court. Furthermore, the majority held that, unlike the situation in *Coopers* where the appealability of a refusal to certify class action would turn on the particular facts of the case, a case involving a stay order would present no difficulty in determining when a district court had surrendered jurisdiction over the federal lawsuit.

civil rights action, was a final order under § 1291. The court in *Hines* noted that an EEOC complaint would take a minimum of 18 months, and possibly longer to process. In the meantime, the appellant's federal action was delayed for a protracted and indefinite period. The court further held that finality under § 1291 is to be construed practically, rather than technically, with an eye toward balancing the competing considerations of the "inconvenience and costs of piecemeal review on one hand and the danger of denying justice by delay on the other." 531 F.2d at 730 (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 153, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964)). Finally, the *Hines* court addressed the specific language of *Idlewild*, *supra*, regarding the "effectively out of court" issue, and stated: "Effective death should be understood to comprehend any state of suspended animation." 531 F.2d at 730.

Similarly, in *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284 (11th Cir.1982), *cert. denied*, 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1017 (1983), this court struck down a district court stay order, which delayed a federal court action until the Iran-United States Claim Tribunal decided whether it had jurisdiction to hear certain third-party claims involved in the federal action. Relying on *Hines*, the *CTI* court held that the stay order was a final order under § 1291, because it imposed an indefinite delay on the federal claim and placed the appellant "effectively out of court." *See also, McKnight v. Blanchard*, 667 F.2d 477 (5th Cir.1982) (relying on *Hines* to hold that a district court stay of a state prisoner's civil action under 42 U.S.C. § 1983 until after the prisoner was released from jail was a final, appealable order, because the indefinite delay in the plaintiff's claim placed him "effectively out of court").[4]

The stay in the instant case has subjected AMMIC to an indefinite and unnecessary delay in its federal proceeding. At the present time, the state court proceeding, which involves 10 plaintiffs and five codefendants, has been pending for 18 months. The parties represented at oral argument that a trial date is not yet scheduled in the state case.

Our review of the practical factors relating to appealability also indicates that we should hear AMMIC's claim on the merits. The stay order does not further the goal of avoiding piecemeal litigation, because the state proceeding for which the federal action has been delayed will not decide the issues involved in the federal action and the district court will be obliged to consider AMMIC's claims in full when the state action concludes. On the other hand, the stay order in the instant case imposes "the danger of denying justice by delay." *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d at 1288; *Hines v. D'Artois*, 531 F.2d at 730.

The indefinite delay of AMMIC's federal claim has placed it in a state of suspended animation. Under prevailing law, AMMIC is "effectively out of court" by virtue of the stay order. Accordingly, we find the stay order final and appealable under § 1291 and the interpretation of that section in *Moses H. Cone* and related cases.[5]

#### C. The Merits of the Stay Order

Our disposition on the merits of the stay order is anticipated by the previous discussion. As we have noted, the state court action on which the district court depended in granting the stay probably will not resolve the issues pending in the federal liti-

---

4. We note that the new Fifth Circuit in *McKnight* specifically considered the holding in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), *see supra* note 3, and held that the decision in *Coopers & Lybrand* did not undermine the concept of effective death by delay, which had been developed in *Hines*. 667 F.2d at 479 n. 1.

5. Because we conclude that the district court's stay order in the instant case is final and appealable under § 1291, we need not decide whether it would also be appealable under the doctrine of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which the Court alternatively found applicable in *Moses H. Cone*, 460 U.S. at 10, 103 S.Ct. at 935.

gation. We find no compelling reason for imposing a stay in such circumstances.

The Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), stated that the district courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Id.* at 817, 96 S.Ct. at 1246. *Colorado River*, which was an abstention case, addressed a situation in which the district court had deferred jurisdiction to a parallel state action. The court held that exceptional circumstances, grounded on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," must support a district court's declination of its proper jurisdiction. The court in *Moses H. Cone* affirmed that the "exceptional circumstances" delineated in *Colorado River* should be used in evaluating a district court's decision to stay federal proceedings pending resolution of the parallel state action. Thus, although a motion to stay is directed to the district court's sound discretion, *see McKnight v. Blanchard*, 667 F.2d at 479, a stay order must be evaluated in light of the court's strong obligation not to dismiss or postpone the federal claim in the absence of exceptional circumstances.

■ In *Moses H. Cone*, the Court relied on *Colorado River* to set forth the factors relevant to the exceptional circumstances test. These factors do not form a mechanical checklist, but are to be carefully balanced on the facts of a given case. A district court, in deciding whether to stay federal proceedings, should consider:

(1) that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts; (2) the inconvenience of the federal forum may counsel in favor of granting the stay; (3) the desirability of avoiding piecemeal litigation may favor a stay; (4) the order in which jurisdiction was obtained by the concurrent forums in terms of the progress of the two suits should be considered; and (5) the forum whose

law provides the rule of decision on the merits should be considered.

*Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. at 15–29, 103 S.Ct. at 937–44. In examining these factors in the instant case, we find insufficient support for the lower court's decision to impose the stay.

■ Neither the federal or state court has assumed jurisdiction over any property relating to this case. The remaining four factors do not support the stay because the parallel state action will not decide the issues presented in the federal case. Although it may be inconvenient for Stone to defend the federal and state case simultaneously, the same or greater inconvenience will occur when the federal suit reconvenes following the completion of the state case. Likewise, the litigation in the instant matter is inevitably piecemeal, because AMMIC has a right to a federal forum for its diversity claims. Because the district court cannot force AMMIC to assert its claims as permissive cross claims in the state proceeding, the stay order has not avoided, but has merely delayed, piecemeal consideration of the claims. In addition, the fact that the state court does not have AMMIC's claim against Stone before it also eliminates any justification for the stay that might be attributable to the prior filing of the state court action. Finally, although AMMIC's federal diversity action presents only issues of Florida law, which ordinarily would counsel deference to the state forum, the district court is powerless to impose that forum on AMMIC.

We conclude that the "exceptional circumstances" necessary to justify imposition of the stay in deference to a similar state proceeding are not present in the instant case. "Wise judicial administration" does not support the district court's decision; the stay only postpones the district court's inevitable consideration of the claim; it does not conserve judicial resources or aid in comprehensive disposition of the litigation. In short, we cannot uphold the district court's decision to stay its proceedings pending resolution of the par-

allel state action, when that state action is not truly parallel because it does not involve the same issues presented in the federal case.

Accordingly, we conclude that the stay was an abuse of discretion. The case is

REVERSED and REMANDED for further proceedings.