Robert M. LAYNE, and Albert J. Lombardo, Jr., Plaintiffs,

v.

Michael FAIR, Joseph Ponte, John Ober, Tim Hall, Leo Bissonette, George Labonte, Nelson Julius and J. Bluestein, Defendants.

Civ. A. No. 84–2554–WF.

United States District Court, D. Massachusetts.

Oct. 9, 1987.

Robert Layne, pro se.

Peter R. Hickey, Dept. of Corrections, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiffs Robert Layne and Albert Lombardo, Jr., prisoners at Massachusetts Correctional Institute at Walpole ("M.C.I., Walpole"), have brought this action against defendants Michael Fair, et al., for defendants' alleged confiscation of plaintiffs' property and for defendants' transfer of plaintiffs to punitive segregation, allegedly in retaliation for plaintiffs having brought a prior legal action in Norfolk Superior Court. Plaintiffs claim that defendants vi-

olated their First Amendment rights to free speech, their Fourteenth Amendment due process rights, and their Eighth Amendment rights against cruel and unusual punishment. Plaintiffs seek a declaratory judgment that defendants' alleged retaliatory acts violate the Constitution, and compensatory and punitive damages, plus costs.[1] This cause of action arises under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985.

On October 20, 1986, this court denied defendants motion to dismiss the complaint for failure to state a claim as to defendants Ober, Bissonnette, Labonte, and Julius. In addition, this court also denied defendants motion to dismiss the complaint against defendants Fair, Ponte, Hall and Bluestein under the abstention doctrine.

Defendants have now filed a motion for a stay of the proceedings pending termination of a related state proceeding in Suffolk Superior Court. Defendants asserts that "[t]he interests of justice, judicial economy and the convenience of the witnesses and parties would be best served if the court would enter an order staying further proceedings ..." (Defendants' Motion for Stay at p. 2). The plaintiffs oppose defendants' motion for stay. For the reasons stated below, defendants' request for a stay is denied.

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), an abstention case in which a district court deferred jurisdiction to a parallel state action, the Supreme Court stated that district courts have "virtually unflagging obligation ... to exercise the jurisdiction given them." The Court held that only "exceptional circumstances" warrant a district court's declination of its proper jurisdiction.

Following *Colorado River*, the Supreme Court in *Moses H. Cone Hospital v. Mercu-ry Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982) held that the "exceptional circumstances" test of *Colorado River* should be used to evaluate a district court's decision to stay a federal proceeding pending resolution of a parallel state action. While there is no "mechanical checklist" when considering a stay, the court must engage in a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. at 937. Some of the factors that are relevant to the decision include 1) the inconvenience of the federal forum, 2) the desireability of avoiding piecemeal litigation, 3) whether or not jurisdiction over property is involved, and 4) the order in which jurisdiction was obtained by the concurrent forums. *Id.* at 15, 103 S.Ct. at 936-37. *See also Bergeron v. Estate of Loeb*, 777 F.2d 792, 798 (1st Cir. 1985) *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). As the Court in *Moses* maintained, however, there must be a "showing of the requisite exceptional circumstances to justify the District Court's stay." 460 U.S. at 19, 103 S.Ct. at 938.

In the instant case, defendants have failed to make the requisite showing to warrant a stay of the federal proceeding. Defendants contend that the complaints filed in both Suffolk Superior Court and this court "are based on the same facts and seek the same relief." Defendants also point out that the state case has progressed further than the federal suit insofar as the plaintiffs in the state case have obtained injunctive relief against defendants Fair, Ponte and Bluestein. Thus, defendants assert, "the interests of justice, judicial economy, and the convenience of the witnesses and parties would be best served if the court would enter an order staying further proceedings in the federal suit,"

---

1. Plaintiffs' complaint also sought a preliminary injunction to prohibit the defendants from transferring plaintiffs out of M.C.I., Walpole; from maintaining plaintiffs in punitive segregation; from confiscating plaintiffs' property; from interfering in plaintiffs' pursuit of legal action; and to require defendants to return to plaintiffs their confiscated property. Since plaintiffs requested injunctive relief had already been granted in a related civil action brought by plaintiffs in Suffolk Superior Court, C.A. 70962, this court stated in its October 20, 1986 Memorandum that the plaintiffs' request for injunctive relief in the instant case was now moot.

pending the termination of the state action. Such circumstances, however, fail to meet the "exceptional circumstances" test required to stay federal proceedings.

First, while both suits arise out of the same set of facts—the transfer of plaintiffs to a Departmental Segregation Unit by defendants—the suits present separate and distinct causes of actions. In the state case, plaintiffs allege that their transfer by defendants violated state administrative procedures prohibiting such transfers. In contrast, in the federal suit plaintiffs claim that their transfer was in retaliation for having brought a case in the Norfolk Superior Court concerning denial of access to the prison library due to physical handicaps. Plaintiffs allege that their retaliatory transfer violated their constitutional rights under the First, Eighth and Fourteenth Amendments. Moreover, there are five additional plaintiffs in the state case who do not share Layne and Lombardo's federal constitutional claim that the transfer was a result of a retaliatory motive. Thus, despite the same set of facts in the two suits, plaintiffs must show a retaliatory motive in only the federal case, and a violation of state law in only the state case.

Second, this case is not one in which a stay would avoid piecemeal litigation. Because the decisive issues are different, a determination of the issues in the state case would not preclude litigation of issues in the federal case. Rather, a stay would only postpone, but not eliminate, piecemeal litigation. A desire to postpone litigation, however, does not constitute the requisite exceptional circumstances to stay federal litigation. See, e.g., American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519 (11th Cir.1984) (It was an abuse of discretion to stay a federal lawsuit pending resolution of a related state action where the two suits did not involve the same issues and the stay would not avoid, but merely postpone, piecemeal litigation.). As a practical matter, this court recognizes that a stay or dismissal of the federal action might encourage the plaintiffs to raise their federal claims in state court and thereby eliminate piecemeal litigation. Nevertheless, the plaintiffs are entitled to a federal forum for their federal claims if they so desire. Id. at 1525.

In addition, defendants have failed to show why the federal forum is inconvenient for witnesses and parties. Since the issues in the federal case will eventually have to be litigated after the state case is concluded, such witnesses and parties would still suffer the same inconvenience, if in fact there is an inconvenience, at a later date. Finally, there is no property involved in this case which might warrant deferral to the court who first assumed jurisdiction over such property. *National Railroad Passenger Corp. v. Providence and Worcester Railroad Co.*, 798 F.2d 8 (1st Cir.1986).

Finally, the facts that the state suit was filed first and the state court has already granted injunctive relief do not in the circumstances of this case justify a stay.

For the foregoing reasons, a stay of the instant action pending resolution of the related state action would be inappropriate. Thus, the defendants' motion for a stay is hereby DENIED.

It is further ordered that discovery be complete by April 15, 1988.