[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2000
THOMAS K. KAHN
CLERK

----------------------------------------
No. 99-10389
----------------------------------------

D. C. Docket No. 98-00373-CV-JLK

LEONIDAS ORTEGA TRUJILLO,
JAIME ORTEGA TRUJILLO,
LUIS ALBERTO ORTEGA TRUJILLO,

                                        Plaintiffs-Appellees,

        versus

CONOVER & COMPANY COMMUNICATIONS,
INC., BANCO CENTRAL DEL ECUADOR,

                                        Defendants-Appellants,

----------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------
**(August 11, 2000)**

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

The district court stayed further proceedings in this case pending the resolution of a related case in the Bahamas. Defendants appeal the district court stay. We vacate the stay and remand.

I.

The facts underlying this case arose during the litigation of another case – involving some of the same parties – in the Bahamas. In 1996, Banco Central del Ecuador brought suit in a Bahamian court against several members of the Ortega family and several companies associated with the Ortegas. The bank alleged in that suit that the Ortegas – through the use of fraudulent loan transfers – misappropriated funds from the bank. That case still is pending in a Bahamian court.

In connection with the Bahamian case, the bank – through its public relations firm, Conover & Co. Communications – issued a press release accusing the Ortegas of perpetrating a "massive fraud scheme." The Ortegas ("Plaintiffs") then brought this suit in federal district court against the bank and Conover ("Defendants"). Plaintiffs alleged that Defendants' press release was defamatory and damaged Plaintiffs'

2

reputations as honest and law-abiding businessmen. Defendants pleaded several

defenses to the defamation claim, including the truth of the press release.[1]

The district court – acting sua sponte – then stayed further proceedings in this

case pending the resolution of the Bahamian case. The district court explained:

> [L]itigation relating to the issues raised in these proceedings is currently
> pending in the courts of the Bahamas . . . . The Bahamian Litigation pre-
> dates these proceedings by over one year. It has been represented to this
> Court (at oral argument preceding the Order) that a trial date in the
> Bahamian Litigation has already been set. As the issues addressed by the
> Bahamian Litigation directly relate to those raised [in this case], the
> Court will stay the above-styled matter until such time as the Bahamian
> Courts conclude their review.

The district court directed the parties to submit status reports – reporting on the

progress of the Bahamian case – every three months. Defendants moved the district

court to reconsider the stay; the district court denied Defendants' motion for

reconsideration.

II.

---

[1] The bank also brought several counterclaims in this case against Plaintiffs. The district court, however, dismissed the bank's counterclaims. The dismissal of the counterclaims is not at issue in this appeal.

Defendants contend that the district court erred in staying further proceedings in this case pending the resolution of the Bahamian case. We agree.[2] We accordingly vacate the district court's stay and remand.

A variety of circumstances may justify a district court stay pending the resolution of a related case in another court. A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court. See, e.g., Clinton v. Jones, 117 S. Ct. 1636, 1650 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). And, in some cases, a stay might be authorized also by principles of abstention. See, e.g., Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1722 (1996) (noting that abstention principles may require district court to stay case pending resolution of related proceedings). In this case, however, we think that neither ground upholds the stay that the district court ordered.

When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay. A stay must not be "immoderate." CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). In

---

[2] We review the district court's issuance of a stay pending the resolution of related proceedings in another forum for abuse of discretion. See CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982).

4

considering whether a stay is "immoderate," we examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay. See Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976). As the Supreme Court has explained, "[a] stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Landis v. North American Co., 57 S. Ct. 163, 167 (1936). We conclude that the stay ordered by the district court in this case is immoderate and, therefore, an abuse of discretion.

The scope of the stay ordered by the district court seems indefinite. The stay, by its own terms, remains in effect until the "Bahamian Courts conclude their review." The stay appears to expire only after a trial of the Bahamian case and the exhaustion of appeals in that case. In addition, contrary to the district court's assessment of the Bahamian litigation, the record indicates that the Bahamian case is not progressing quickly. We conclude, therefore, that the stay is indefinite in scope.[3] Cf. American

---

[3] Plaintiffs argue that the stay is not indefinite because the district court ordered the parties to submit status reports on the Bahamian litigation every three months. This requirement, however, does not make the scope of the stay less indefinite. The district court's requirement of status reports does not guarantee that the district court will reassess the propriety of the stay every three months. The district court could do nothing when status reports are filed, and the stay would continue in effect until the Bahamian litigation concluded. As the Supreme Court explained in Landis, "an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." 57 S. Ct. at 167.

5

Manuf. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1524 (11th Cir. 1984) (finding stay of federal court proceedings pending conclusion of state court proceedings indefinite where state proceedings had been pending for 18 months and no trial date had been set in state court); CTI-Container, 685 F.2d at 1288 (vacating district court stay where duration of stay could "safely be described as an indefinite period").

We can see from the district court's order no reason sufficient to justify the indefinite stay that the district court ordered. The stay order does not explain in detail the district court's reasoning in staying further proceedings in this case. The order does mention three considerations that the district court found important: (1) that the Bahamian case and this case involve related issues; (2) that the Bahamian case predates this case by more than one year; and (3) "that a trial date in the Bahamian Litigation has already been set."[4] From the district court's mention of these three factors, the parties suggest two possible reasons for the district court's stay: (1) that the district court, pursuant to its inherent power to control its own docket, stayed this case for the sake of judicial economy; and (2) that the district court stayed this case

---

[4] On appeal, the parties agree that the third consideration noted by the district court – that a trial date had been set in the Bahamian case – had no basis in fact: when the district court issued the stay, no trial date had been set. Because we conclude that we must vacate the stay in any event, we do not reach Defendants' argument that this apparent misapprehension of fact by the district court automatically renders the stay an abuse of discretion.

6

under the doctrine of international abstention. We cannot justify the stay that the district court ordered on either ground. The case law illustrates that, in a case like this one, the interests of judicial economy alone are insufficient to justify such an indefinite stay. See Landis, 57 S. Ct. at 167 (vacating similar stay in like circumstances). And, we will not attempt to justify the district court's stay on abstention grounds. The district court never mentions "abstention" in its order. The district court's order cites no cases related to international abstention. And, the district court's order mentions only a few of the many factors that a district court must examine in considering an international abstention question. See Turner Entertainment Co. v. Degeto Film, 25 F.3d 1512, 1519-22 (11th Cir. 1994) (discussing factors relevant to international abstention). Abstention is the exception instead of the rule, see id. at 1518; and "courts regularly permit parallel proceedings in an American court and a foreign court." Id. at 1521. Abstention, therefore, is not to be undertaken lightly. So, we – when the district court did not mention abstention at all – decline to presume that abstention motivated the district court's exercise of its discretion to stay this case. We, therefore, do not decide today whether international abstention might justify the stay that the district court ordered.

III.

7

The stay ordered by the district court is "immoderate" and, therefore, an abuse of discretion. We accordingly VACATE the district court stay and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.