**Judith LIPFORD, Plaintiff,**

v.

**CARNIVAL CORPORATION, a foreign corporation, d/b/a Carnival Cruise Lines, Defendant.**

**No. 04–21120–CIV.**

United States District Court, S.D. Florida, Miami Division.

Nov. 24, 2004.

---

Jeffrey B. Maltzman and Lysa M. Friedlieb of Kaye, Rose & Maltzman, Miami, FL, for plaintiffs.

## *ORDER*

GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiff's Corrected Motion to Stay (D.E.14).

**THE COURT** has considered the Motion, the pertinent portions of the record and is otherwise duly advised in the premises.

This is a case for personal injuries suffered in the high seas. Plaintiff, Judith Lipford, alleges that while she was a guest on defendant's ship she took an excursion on a boat and was injured during the excursion. She alleges that Carnival is liable because it marketed the excursion.

Pursuant to the forum selection clause contained in the passenger contract between Lipford and Carnival, all disputes between Carnival and its passengers must be instituted in the United States District Court for the Southern District of Florida within one year. Despite the terms of the passenger contract, however, Lipford filed her suit in state court. She also simultaneously filed a "cautionary complaint" with this Court. Carnival moved to dismiss the state court action based on lack of subject matter jurisdiction pursuant to the forum selection clause of the passenger contract. The state court denied the motion and held that the forum selection clause was invalid and unenforceable. The state court case, which is identical to this case, remains pending in state court.

In the meantime, this Court, noticing that service of process had not been effected on Carnival, directed Lipford to serve the complaint and summons upon Carnival. After being served with the complaint, Carnival moved to dismiss the action for failure to state a negligence claim. Lipford responded to Carnival's motion to dismiss but also moved for a stay of this case pending resolution of the state court case. Lipford asserts that the expiration of the one year limitations period and the possibility that the state court's ruling invalidating the forum selection clause might be overturned on appeal justify a stay of the proceedings. If after the expiration of the one year limitations period the state appellate court rules that the trial court never had jurisdiction over the case in the first place, Lipford would like to be able to turn

to federal court and renew her claims against Carnival.

The Court held a status conference and allowed the parties to argue their respective positions. At the conference, counsel for Lipford confirmed that Lipford would like to proceed in state court and turn to federal court only if it is decided that the state court lacks jurisdiction. In support of her request for a stay, Lipford relies on cases in which federal district courts have agreed to stay proceedings on abstention and judicial economy grounds. None of those cases, however, have any application to the facts in this case as neither party is seeking a stay based on the doctrine of abstention or to preserve judicial economy. In addition, Lipford argues that the *Rooker–Feldman* doctrine bars the Court from exercising jurisdiction over the case. Regardless of the applicable doctrine that prevents the dual litigation of identical actions in different forums, the sole issue before the court is whether this action should be stayed pending resolution of the state court proceeding, or whether the Court should dismiss the action.

When ruling on a motion to stay pending the resolution of a related case in another forum, district courts must consider both the scope of the stay and the reasons given for the stay. *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000). "A stay must not be 'immoderate.'" *Id.* (quoting *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir.1982)). A stay of a federal court proceeding pending resolution of a related case will be considered immoderate if the stay is indefinite in scope. *See id.; see also American Manuf. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1524 (11th Cir.1984) (finding stay of federal court proceedings pending conclusion of state court proceedings indefinite where state pro-

ceedings had been pending for 18 months and no trial date had been set in state court).

In this case, it is undisputed that the stay, as requested, would remain in place until such time as the trial of the state court case is completed and all of the appeals in that case have been exhausted. Based on the allegations in the pleadings, the state court action began less than a year ago and no trial date appears to have been set in that case. Moreover, even after all the appeals have been exhausted, the case will proceed in this Court only if Carnival chooses to appeal the state court's ruling invalidating the forum selection clause and only if that ruling is overturned on appeal. Based on these facts, the Court safely concludes that the requested period of the stay in this case is indefinite and therefore unwarranted.

Lipford argues that the stay is necessary to preserve her right to sue Carnival within the one year limitations period. Lipford's ability to sue Carnival within the one year period, however, is not dependent upon the Court's granting of a stay, but rather on Lipford's own decision to sue Carnival in state court. At the time she decided to file her lawsuit against Carnival, Lipford could have filed her complaint in federal Court, thereby avoiding the risk of being barred by the limitations period in the future. Lipford, having made the decision to avail herself of the benefits conferred by the state forum, is not justified in delaying an identical case in federal court indefinitely. Accordingly, rather than granting a stay, the Court will dismiss the action without prejudice. Nothing in this Order, however, should be interpreted as an extension of any statutory or contractual limitations period.

### CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Stay Case is **DE-NIED**. It is further

ORDERED AND ADJUDGED that this cause is **DISMISSED** without prejudice. It is further

ORDERED AND ADJUDGED that this case is **CLOSED** and all pending motions are denied as moot.