[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13296

Non-Argument Calendar

_____

SONYA YOUVETT MCNEAL,

Plaintiff-Appellant,

*versus*

NAVY FEDERAL CREDIT UNION,
Mortgage Division,
CSC CORPORATION SERVICE COMPANY,
Registered Agent for - Navy Federal Credit Union,
FISERV, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02968-LMM

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Sonya McNeal, proceeding *pro se*, sued several defendants over a property dispute in which defendants allegedly violated the Fair Housing Act, the CARES Act, and the Fifth Amendment's Due Process Clause. After the district court dismissed her suit for failure to state a claim, she filed a motion to reconsider, motion for change of venue (which was functionally a motion to recuse), motion for preliminary injunction, and a second motion to reconsider. The district court also denied each of those motions. It is unclear, but it seems McNeal challenges some, if not all, of these decisions on appeal. We lack jurisdiction over the district court's dismissal of McNeal's complaint and its denial of her motion for preliminary injunction and second motion to reconsider. As to her first motion to reconsider and motion to recuse, they are meritless. So we dismiss in part and affirm in part.

## I.

McNeal borrowed funds from Navy Federal Credit Union in 2016 to buy property in Georgia and later defaulted on her loan during the COVID-19 pandemic. Although the CARES Act placed a temporary moratorium on foreclosures and evictions, Navy

Federal started the foreclosure process. The parties agree that Navy Federal sold the property at a foreclosure sale in October 2022.

McNeal sued Navy Federal and two other defendants pro se. A magistrate judge found that her complaint and amended complaint failed to state a claim on which relief could be granted and ordered her to file a second amended complaint. McNeal instead filed a "motion for directed verdict and for judgment notwithstanding the verdict." The magistrate judge noted that her various complaints contained hundreds of exhibits, handwritten notes, and excerpts from websites that failed to meet the pleading requirements and that her motion for directed verdict contained "virtually incomprehensible allegations of wrongdoing." The court also noted that she ignored the court's order to file an amended complaint. The magistrate judge recommended the case be dismissed without prejudice, and the district court adopted that recommendation.

During all this, McNeal separately filed a judicial complaint with us in July 2021 against the magistrate judge and district judge for abusing her, acting without authority, disregarding the law, and abusing their positions. We dismissed her complaint in February 2022 because she failed to allege any credible facts or submit evidence to support her assertion of judicial misconduct.

Nearly six months later, McNeal moved the district court to reconsider its dismissal of her suit, based on her allegations of misconduct. She also asked the district judge to recuse in a motion to change venue. McNeal also moved for a preliminary injunction to

stop her creditors from foreclosing on the property. The district court denied all her motions.

About a month later, McNeal filed a notice of appeal designating for review: (1) the district court's refusal to recuse and (2) the district court's denial of her motion for a preliminary injunction. She argued that all the rulings and judgments in the case were void because of her allegations of judicial misconduct. The same day, she also filed a second motion to reconsider the dismissal of her initial complaint and denial of her motion for preliminary injunction. The district court denied that motion, but McNeal did not appeal that decision or amend her initial appeal to include that denial.

## II.

We have an ongoing obligation to satisfy our jurisdiction and may raise any jurisdictional issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). We review jurisdictional issues *de novo*. *Id*. Meanwhile, we review a judge's refusal to recuse for abuse of discretion. *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citing *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988)).

## III.

### A.

We lack jurisdiction to review the district court's initial dismissal of McNeal's suit, its denial of her motion for a preliminary

injunction, and its denial of her second motion to reconsider. We address each issue in turn.

McNeal did not timely appeal from the dismissal of her complaint. In civil cases, a party must file a timely notice of appeal for our jurisdiction to be proper. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010). When the United States is not a party, a party must file a notice of appeal within thirty days after the relevant judgment or order is filed. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). That timeline is not tolled if a party files a motion to reconsider under Rule 60(b) more than 28 days after the entry of judgment. *See Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1522 (11th Cir. 1984).

McNeal never appealed the dismissal. Instead, she filed several motions roughly six months later asking the district court to reconsider its order and seeking a preliminary injunction. She appealed the district court's denial of those motions, but never timely appealed the district court's order granting the defendants' motions to dismiss. Because she did not timely appeal the dismissal and because she filed her first motion to reconsider six months after that dismissal—and therefore did not toll the time to appeal—McNeal's notice of appeal was untimely as to the order dismissing her complaint. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *see also Stone*, 743 F.2d at 1522.

Next, we turn to the denial of McNeal's motion for a preliminary injunction. McNeal's appeal is moot to the extent it asks us to reverse the district court's denial of McNeal's motion for a

preliminary injunction. We have no authority to give opinions on moot questions. *Zinni v. ER Solutions*, 692 F.3d 1162, 1166 (11th Cir. 2012). An appeal can be rendered moot—in whole or in part—by intervening events. *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022). McNeal filed the motion for a preliminary injunction to prevent the defendants from entering her property, foreclosing on her property, or communicating with her about such matters. But both parties agree that the property has since been foreclosed. That intervening event moots the issue. So we dismiss McNeal's appeal of the denial of the motion for preliminary injunction.

Finally, we also lack jurisdiction to review the district court's denial of McNeal's second motion for reconsideration. We lack jurisdiction to review any order issued after a notice of appeal has been filed, unless the appellant files an additional or amended notice of appeal referring to that order. *Bogle v. Orange Cnty. Bd. of. Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). The district court denied McNeal's second motion after she filed her notice of appeal. And McNeal did not file another notice of appeal or amend the one she filed. Thus, we dismiss her appeal of the denial of the motion.

*B.*

We have jurisdiction to review McNeal's motion to recuse and a portion of her first motion to reconsider.

Turning to the motion to recuse, we cannot say the district court abused its discretion. A judge must recuse from a proceeding when someone could reasonably question his impartiality or when

he has a personal bias against a party. 28 U.S.C. § 455(a)–(b)(1). In assessing whether this might be the case, we must ask whether an objective, fully informed lay person would entertain a significant doubt about the judge's impartiality. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

McNeal argues that the district judge (and magistrate judge) should have recused because of pending charges of misconduct. But we concluded our investigation into those allegations in February 2022 and found no cognizable misconduct on the part of the judge. None of the allegations we investigated would raise any doubts about the district court's impartiality in the mind of an objective layperson. So we affirm the district court's denial of McNeal's motion to recuse and its denial of her first motion for reconsideration.

We turn next to the district court's denial of McNeal's first motion to reconsider. An appellant forfeits an argument when he does not clearly identify it in his brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). We will generally not consider non-jurisdictional arguments forfeited on appeal, though we may exercise our discretion to consider a forfeited argument in five circumstances. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). In her briefing, McNeal raised only the district court's misconduct and her request for the court's recusal as grounds to reverse the denial of her motion to reconsider. None of the *Campbell* exceptions apply to warrant addressing any of the other arguments she made for

reconsidering in the district court. So, for the same reasons we affirm the district court's denial of McNeal's motion to recuse, we also affirm the district court's denial of her first motion to reconsider.

## IV.

For the reasons above, the district court is **AFFIRMED** in part and the other portions of the appeal are **DISMISSED.**