**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11779

Non-Argument Calendar

_____

DALTON D. BANKS,

*Plaintiff-Appellant,*

*versus*

DONNA K. LAMONS, et al.,

*Defendants,*

TAMMY BROWN,

Honorable, Judge,

SHERIFF'S DEPARTMENT OF CULLMAN COUNTY,

ALABAMA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Northern District of Alabama

D.C. Docket No. 6:25-cv-00132-ACA

_____

Before BRANCH, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Dalton D. Banks, pro se, appeals from the district court's order staying this action pending rulings on the defendants' motions to dismiss. The defendants move to dismiss the appeal for lack of jurisdiction, arguing that the district court's order is not interlocutorily appealable. In response, Banks contends that the order is appealable as an injunction under 28 U.S.C. § 1292(a)(1).

Appellate jurisdiction is generally limited to "final decisions of the district courts." 28 U.S.C. § 1291. Generally, an order staying an action is not final under § 1291 for purposes of appeal. *Am. Mfrs. Mut. Ins. Co. v. Stone*, 743 F.2d 1519, 1522-23 (11th Cir. 1984). In determining the extent to which a plaintiff is "effectively out of court," we have held that a stay order that is "immoderate and involves a protracted and indefinite period of delay" is final and appealable under § 1291. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1165-66 (11th Cir. 2007). In analyzing whether a stay is final, we balance the inconvenience and cost of piecemeal review against the danger of denying justice by delay. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1287 (11th Cir. 1982). "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

Here, we lack jurisdiction over the appeal because the district court's order is not final and is not appealable as an injunction.

25-11779                Opinion of the Court                3

The order is not final because it does not involve a "protracted and indefinite period of delay," as it limits the duration of the stay to the period prior to the district court ruling on the pending motions to dismiss. *See King*, 505 F.3d at 1165-66; 28 U.S.C. § 1291. Nor is it appealable as an injunction, as it "relates only to the conduct or progress of litigation before [the district] court." *See Gulfstream*, 485 U.S. at 279; 28 U.S.C. § 1292(a)(1).

Accordingly, we GRANT the motion to dismiss and dismiss this appeal for lack of jurisdiction. All other pending motions are DENIED as moot.