490 F.3d 718
 BLUE CROSS AND BLUE SHIELD OF ALABAMA; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Nebraska; Blue Cross and Blue Shield of North Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Carefirst Blue Cross and Blue Shield; Empire Healthchoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield; Excellus Health Plan, Inc., d/b/a Excellus Blue Cross Blue Shield; R.M.S.C.O., Inc.; Highmark, Inc., d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield; Premera Blue Cross; Regence Blue Shield; Regence Bluecross Blueshield of Utah; Regence Bluecross Blueshield of Oregon; Regence Blueshield of Idaho, Plaintiffs-Appellants,
v.
UNITY OUTPATIENT SURGERY CENTER, INC., Defendant, and
Mitchell Rubin; Steven Rubin; Daniel Rose, M.D.; Mario Z. Rosenberg, M.D.; Paratha Govindarajan, M.D.; Rosalinda Landon; Leon Halac, M.D.; Byung Chun, M.D.; Robert J. McKenna, M.D.; Ardalan Babaknia, M.D.; Moustafa El Alamy, M.D.; Michael Chan, M.D.; Bharat Patel, M.D.; Edgar Lluncor, M.D.; Lan Thi Ngoc Nguyen; Huong Thien Ngo, Defendants-Appellees.
Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Nebraska; Blue Cross and Blue Shield of North Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Carefirst Blue Cross and Blue Shield; Empire Healthchoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield; Excellus Health Plan, Inc., d/b/a Excellus Blue Cross Blue Shield; R.M.S.C.O., Inc.; Highmark, Inc., d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield; Premera Blue Cross; Regence Blue Shield; Regence Bluecross Blueshield of Utah; Regence Bluecross Blueshield of Oregon; Regence Blueshield of Idaho, Plaintiffs-Appellants,
v.
Unity Outpatient Surgery Center, Inc.; Unity Outpatient Surgery Center, LLC; Millennium Outpatient Surgery Center, a Medical corporation; St. Paul Outpatient Surgery Center, LLC; Tam Vu Pham, a/k/a Tom Vu; Rosalinda Landon; Andrew Harnen; Thu Ngoc Pham; a/k/a Perry Pham; Madhukar Jigjinni, MD; Chin Kim, MD; Martha Madrid, MD; Amer Rayyes, MD, Defendants-Appellees, and
Anaheim West Outpatient Surgery Center, Inc.; Lincoln Management Group, LLC; St. Francis Outpatient Medical Center, Inc.; Inland Orange Medical Management, Inc.; Newport Superior Outpatient Medical Center, Inc.; Newport Superior Management Group, LLC; Harbor Multi-Specialty Surgical Center, Inc.; Pacific Outpatient Medical Center, a Medical corporation; Pacific Outpatient Medical Management Group, LLC; Premium Outpatient Surgery Center, a Medical corporation; Huong Thien Ngo; Lan Thi Ngoc Nguyen; Gordon Merrick; Dee Francis; Daniel Romanello; Ocher County Clinics, Inc.; Mitchell Rubin; Steven Rubin; Catherine Bach; Michael Schneider; Ardalan Babaknia, MD; Michael D. Chan, MD; Byung Chun, MD; Moustafa El Alamy, MD; Paratha Govindarajan, MD; Leon Halac, MD; Lars Hanson, MD; William Hampton, MD; Edgar Lluncor, MD; Robert J. McKenna, MD; Bharat Patel, MD; Daniel Rose, MD; Mario Z. Rosenberg, MD; Hamilton Sah, MD; Youn S. Toh, MD; Lloyd White, MD, Defendants.
Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Nebraska; Blue Cross and Blue Shield of North Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Carefirst Blue Cross and Blue Shield; Empire Healthchoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield; Excellus Health Plan,
Inc., d/b/a Excellus Blue Cross Blue Shield; R.M.S.C.O., Inc.; Highmark, Inc., d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield; Premera Blue Cross; Regence Blue Shield; Regence Bluecross Blueshield of Utah; Regence Bluecross Blueshield of Oregon; Regence Blueshield of Idaho, Plaintiffs-Appellants,
v.
Unity Outpatient Surgery Center, Inc.; Unity Outpatient Surgery Center, LLC; Millennium Outpatient Surgery Center, a Medical corporation; St. Paul Outpatient Surgery Center, LLC; Tam Vu Pham, a/k/a Tom Vu; Rosalinda Landon; Andrew Harnen; Thu Ngoc Pham, a/k/a Perry Pham; Madhukar Jigjinni, MD; Chin Kim, MD; Martha Madrid, MD; Amer Rayyes, MD; Lincoln Management Group, LLC; Inland Orange Medical Management, Inc.; Newport Superior Outpatient Medical Center, Inc.; Newport Superior Management Group, LLC; Pacific Outpatient Medical Center, a Medical corporation; Pacific Outpatient Medical Management Group, LLC; Premium Outpatient Surgery Center, a Medical corporation; Huong Thien Ngo; Lan Thi Ngoc Nguyen; Gordon Merrick; Dee Francis; Daniel Romanello; Mitchell Rubin; Steven Rubin; Catherine Bach; Michael Schneider; Ardalan Babaknia, MD; Michael D. Chan, MD; Byung Chun, MD; Moustafa El Alamy, MD; Paratha Govindarajan, MD; Leon Halac, MD; Lars Hanson, MD; William Hampton, MD; Edgar Lluncor, MD; Robert J. McKenna, MD; Bharat Patel, MD; Daniel Rose, MD; Mario Z. Rosenberg, MD; Hamilton Sah, MD; Youn S. Toh, MD; Lloyd White, MD, Defendants, and
Anaheim West Outpatient Surgery Center, Inc.; St. Francis Outpatient Medical Center, Inc.; Harbor Multi-Specialty Surgical Center, Inc.; Ocher County Clinics, Inc., Defendants-Appellees.
Blue Cross/Blue Shield of Alabama, Blue Cross and Blue Shield of Massachusetts, Inc; Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Nebraska; Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of Tennessee, Inc.; Carefirst Blue Cross and Blue Shield; Empire Healthchoice Assurance, Inc., dba Empire Blue Cross Blue Shield; Excellus Health Plan, Inc. dba Excellus Blue Cross Blue Shield; R.M.S.C.O., Inc.; Highmark Inc., dba Highmark Blue Cross Blue Shield and dba Highmark Blue Shield; Premera Blue Cross; Regence Blue Cross Blueshield of Utah; Regence; Blue Cross Blueshield of Oregon and Regence Blueshield of Idaho, Petitioners,
v.
United States District Court for the Central District of California, Respondent,
Unity Outpatient Surgery Center, Inc., Unity Outpatient Surgery Center, LLC; St. Paul Outpatient Surgery Center, LLC; Millennium Outpatient Surgery Center, A Medical corporation; Tam Vu Pham, aka Tom Vu; Huongthien Nto; Lan Thi Ngoc Nguyen; Andrew Harnen; Rosalinda Landon; Mitchell Rubin, Steven Rubin; Thu Ngoc Pham, aka Perry Pham; Ardalan Babaknia, M.D.; Michael Chan, M.D.; Byung Chun, M.D.; Moustafa El Alamy, M.D.; Paratha
Govindarajan, M.D.; Leon Halac, M.D.; Madhukar Jigjinni, M.D.; Chin Kim, M.D.; Edgar Lluncor, M.D.; Martha Madrid, M.D.; Bharat Patel; Amer Rayyes, M.D.; Daniel Rose, M.D.; Mario Z. Rosenberg, M.D., Real Parties in Interest.
 No. 05-56261.
 No. 06-55316.
 No. 06-55565.
 No. 06-71645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 13, 2006.
 Filed May 25, 2007.
 
 Howard Veisz and Marvin Wexler, Kornstein Veisz Wexler & Pollard, LLP, New York, NY, for the plaintiff-appellant.
 Peter Morris, Altman & Morris, Los Angeles, CA, for defendants-appellees Mario Z. Rosenberg, M.D. and Madhukar Jigjinni, M.D.
 Mark Gregory Clinnin, Law Offices of Mark Gregory Clinnin, Los Angeles, CA, for defendant-appellee Thu Ngoc Pham.
 Jennifer J. Miller, Beam Brobeck West Borges & Rosa, LLP, Santa Ana, CA, for defendant-appellee Amer Rayyes, M.D.
 Alexander W. Kirkpatrick, Bondcurtis, LLP, Pasadena, CA, for defendant-appellee Edgar Lluncor, M.D.
 Paul M. Gelb, Hooper Lundy & Bookman, Inc., Los Angeles, CA, for defendant-appellee Robert J. McKenna, M.D.
 Andrea L. Jacobs, Law Office of David W. Wiechert, San Clemente, CA, for defendant-appellee Huong Thien Ngo.
 Harold Sullivan, Law Offices of Harold Sullivan, Pasadena, CA, for defendant-appellee Millennium Outpatient Surgery Center.
 Dennis E. Lee, Fenton & Nelson, Los Angeles, CA, for defendants-appellees Moustafa El Alamy, M.D., Michael Chan, M.D., and Unity Outpatient Surgery Medical Center, Inc.
 Joel Bruce Douglas and Keith Mitchell Rozanski, Bonne Bridges Mueller O'Keefe & Nichols, Los Angeles, CA, for defendant-appellee Byung Chun, M.D.
 Raymond J. McMahon and Marc B. Thompson, Bonne Bridges Mueller O'Keefe & Nichols, Santa Ana, CA, for defendant-appellee Chin Kim, M.D.
 Margaret M. Holm, Bonne Bridges Mueller O'Keefe & Nichols, Santa Ana, CA, for defendant-appellee Ardalan Babaknia, M.D.
 Tracy Green, Green & Associates, Los Angeles, CA, for defendants-appellees Mitchell Rubin, Steven Rubin and Daniel Rose.
 Appeal from the United States District Court for the Central District of California; Terry J. Hatter, Chief District Judge, Presiding. D.C. Nos. CV-05-00230-TJH, CV-05-00230-TJH/VBK.
 Petition for Writ of Mandamus.
 Before: STEPHEN REINHARDT and JAY S. BYBEE, Circuit Judges, and LARRY A. BURNS,* District Judge.
 Opinion by Judge REINHARDT.
 REINHARDT, Circuit Judge.
 
 
 1
 This case arises out of a scheme allegedly entered into by the defendants to fraudulently bill Blue Cross and Blue Shield Plans ("Blue Cross") for unnecessary medical services. Plaintiffs allege that defendants and their associates enticed individuals from around the country into undergoing unnecessary treatments at the defendant medical clinics by offering cash payments and beach vacations. Plaintiffs allege that they were then billed for the unnecessary procedures and, as a result, paid millions of dollars to defendants.
 
 
 2
 In addition to the civil suit, several of the defendants are currently facing criminal prosecution in state or federal court or both. The events leading to this appeal began when a number of defendants, none of whom had been indicted in the criminal proceedings, requested stays of the civil proceeding on the basis that discovery in the civil suit implicated their Fifth Amendment rights. The district court granted these stays. It subsequently granted stays to most of the other individual defendants and to corporate defendants who argued that they would be prejudiced if required to defend against the civil suit without discovery against the individual defendants who had received stays. The precise duration of the stays is difficult to discern, as the district court granted the motions without mentioning duration, but most of the defendants requested stays "pending the resolution of the criminal investigations and/or prosecutions that have arisen in connection with the acts alleged in plaintiffs' complaint." Blue Cross argues that the district court abused its discretion in granting the stays, and asks us to reverse this determination so that the suit can go forward on the merits.
 
 
 3
 The defendants argue that we lack jurisdiction to review the stay orders because they are not final judgments. However, a stay order is appealable if it places the plaintiff "effectively out of court." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In Moses H. Cone, the Supreme Court held that an order staying litigation in federal court pending the resolution of a case in state court that would have res judicata effect on the federal case placed the plaintiff effectively out of court. Id. Moses H. Cone applies whenever there is a possibility that proceedings in another court could moot a suit or an issue, even if there is no guarantee that they will do so. Lockyer v. Mirant Corp., 398 F.3d 1098, 1102 (9th Cir.2005).
 
 
 4
 We have not yet considered whether we have jurisdiction over stay orders that impose lengthy or indefinite delays absent risk that another proceeding will have res judicata effect on the federal case. However, the majority of circuits that have considered this question have found jurisdiction. See Hines v. D'Artois, 531 F.2d 726, 731 (5th Cir.1976); Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs., 743 F.2d 1519 (11th Cir. 1984); Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1080 (Fed.Cir.1989); Johnson & Johnson, Inc. v. Wallace A. Erickson & Co., 627 F.2d 57, 62 (7th Cir.1980); see also Rojas-Hernandez v. Puerto Rico Elec. Power Auth., 925 F.2d 492, 495 (1st Cir.1991) (treating a denial of a motion to set a trial date as a stay and finding jurisdiction due to the indefinite delay); Discon Inc. v. NYNEX Corp., 4 F.3d 130, 134 (2d Cir.1993) (finding jurisdiction under the collateral order doctrine because the stay imposed an indefinite delay placing the plaintiff effectively out of court); but see Marcus v. Twp. of Abington, 38 F.3d 1367, 1370(3d Cir.1994); Crystal Clear Commc'ns v. Sw. Bell Tel. Co., 415 F.3d 1171 (10th Cir.2005). We agree with the majority position that lengthy and indefinite stays place a plaintiff effectively out of court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the merits. Discon Inc., 4 F.3d at 134. Even if litigation may eventually resume, such stays create a "danger of denying justice by delay." Am. Mfrs., 743 F.2d at 1524. Delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir.2002). Additionally, in some cases plaintiffs may go out of business awaiting recovery or face irreparable harm during the time that their suits are on ice.[1] In determining that stays of the type at issue here are appealable, however, we do not mean to intimate that they are invariably improper or inappropriate. Rather, it is within the district court's discretion to grant or deny such stays, after weighing the proper factors. Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir.1995); infra Moses H. Cone, 460 U.S. at 12, 103 S.Ct. 927.
 
 
 5
 The stays in this case are both indefinite and expected to be lengthy. They could easily last as long as the five- or six-year limitations period in the criminal cases, or even longer if the government initiates criminal prosecutions shortly before the end of that period. Even the stays for defendants Ngoc Nguyen, Thien Ngo, and Perry Pham, which appear to last only for the duration of the criminal proceedings already initiated against them, have thus far lasted longer than the 18-month delays that other courts have considered sufficient to place the plaintiffs effectively out of court. See Am. Mfrs., 743 F.2d at 1524; Hines, 531 F.2d at 732. Thus, we hold that we have jurisdiction to review the stays because they place the plaintiffs effectively out of court.[2]
 
 
 6
 Having concluded that we have jurisdiction to review the district court's decision, however, we search in vain for a reasoned decision to review. The district court's decision to grant a stay is reviewed for abuse of discretion, meaning that we must examine the adequacy of the rationale behind the district court's decision rather than simply reach the conclusion that seems best to us. Lockyer, 398 F.3d at 1105. The district court is required to perform a five-factor balancing test, considering the interests of the parties, the public, and the court. Keating, 45 F.3d at 325. We cannot review the district court's exercise of its discretion in weighing these factors unless we know that it has done so and why it reached its result. "[M]eaningful appellate review for abuse of discretion is foreclosed when the district court fails to articulate its reasoning." United Nat'l Ins. Co. v. R & D Latex Corp., 141 F.3d 916, 919 (9th Cir.1998).
 
 
 7
 In this case, the district court did not provide any explanation at all in any of its orders granting stays to the various parties. Instead, it simply announced peremptorily—without any discussion of the relevant factors or any indication of the basis for its decision—that it is "ordered that the motion [of listed defendants] be, and hereby is, Granted." In doing so, the district court left us with no reasoned decision to review, and no basis upon which to evaluate its exercise of discretion, thereby making it impossible for us to do our judicial duty. Where, as here, a district court does not explain its reasoning, we must remand to that court to reconsider its decision and to set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225(9th Cir.1998) (en banc). The "somewhat less deferential" abuse of discretion review we perform when reviewing a district court's stay order, Lockyer, 398 F.3d at 1105, does not change this general rule. Thus, as in R & D Latex Corp. and Dizol, we remand the matter to the district court.
 
 
 8
 In exercising its discretion on remand, the district court should consider, inter alia, the distinctions between the corporate defendants and the individual defendants, and the distinctions between the defendants that have been indicted and those that have not. The district court should also consider the lengths of the stays requested by the various defendants.
 
 
 9
 Accordingly, cases numbered 05-56261, 06-55316, and 06-55565 are VACATED and REMANDED. Case numbered 06-71645 is DISMISSED.
 
 
 
 Notes:
 
 
 *
 The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 We also agree with the Fifth and Eleventh Circuits thatCoopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), does not suggest that these practical concerns are irrelevant to our analysis of whether a plaintiff is "effectively out of court." See Am. Mfrs., 743 F.2d at 1524 n. 4. As the Supreme Court explained in Moses H. Cone, Coopers & Lybrand involved a case in which the order has "no legal effect on the named plaintiff's ability to proceed with his individual claim in federal court," while the stay order in this case, like that in Moses H. Cone, blocks the plaintiffs from proceeding as a matter of law. 460 U.S. at 10 n. 11, 103 S.Ct. 927.
 
 
 [2]
 Because we hold that we have appellate jurisdiction, we need not consider plaintiffs' mandamus petition. Accordingly, that petition is dismissed as moot