Steven R. YOURKE, Plaintiff–Appellee,

v.

CITY AND COUNTY OF SAN FRAN-
CISCO; Michael Hennessey, Sheriff;
Robert Gallot, Sheriff, Defendants–
Appellants.

No. 06–16450.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 24, 2007 *.

Filed Oct. 26, 2007.

John L. Burris, Esq., Law Offices of
John L. Burris, Oakland, CA, for Plaintiff–
Appellee.

Robert A. Bonta, San Francisco City
Attorney's Office, San Francisco, CA, for
Defendants–Appellants.

Before: THOMAS, TALLMAN, and
IKUTA, Circuit Judges.

MEMORANDUM **

The Defendants appeal from the district
court's order denying a motion for quali-
fied immunity. We dismiss the appeal for
lack of appellate jurisdiction.

A review of the record reveals that we
lack jurisdiction over this appeal because
the district court's order was not a final
decision within the meaning of 28 U.S.C.
§ 1291.

In this case, both parties filed motions
for summary judgment on the issue of
qualified immunity. The district court did
not issue a final merits decision on either
motion. Rather, the district court denied
both motions without prejudice and stayed
further proceedings in the district court
pending resolution by this Court of a par-
allel case, *Bull, et al., v. City and County
of San Francisco, et al.,* No. 06–15566.
The district court granted the parties leave

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

to re-notice their motions once a decision in *Bull* is issued. It is clear from the record that the district court did not intend its order to be a final resolution on the merits of the parties' respective cross-motions for summary judgment. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (holding that where a district court "planned to reconsider its ruling on the . . . summary judgment motion before the case went to the jury" the ruling was not a final decision because it was " 'tentative, informal or incomplete' ") (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). Rather, the district court intended simply to stay proceedings pending our resolution of *Bull* and to afford the parties a new opportunity to brief the question of qualified immunity after *Bull* is decided.

Generally, an order staying proceedings is not appealable unless the order would impose an indefinite or lengthy stay that would put the parties "effectively out of court." *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.,* 490 F.3d 718, 723 (9th Cir. 2007) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Such is not the case here.

Under these circumstances, the district court's decision was not a final order within the meaning of 28 U.S.C. § 1291, and we lack appellate jurisdiction over this interlocutory appeal.

**DISMISSED.**